Filed 11/5/25  P. v. Saterfield CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RICHARD SATERFIELD,<br><br>    Defendant and Appellant. | C102552<br><br>(Super. Ct. No. 17FE008865) |

Defendant Richard Saterfield appeals an order denying his petition for resentencing pursuant to Penal Code[1] section 1172.6 at the prima facie stage after the trial court concluded defendant was ineligible for resentencing as a matter of law because he was convicted five months after the effective date of the amended statutes.  Appointed counsel for defendant asks this court to conduct an independent review of the record to

---

[1]    Undesignated statutory references are to the Penal Code.

determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436; *People v. Delgadillo* (2022) 14 Cal.5th 216.) Defendant filed a supplemental brief arguing: (1) the trial court erred in denying an evidentiary hearing because the jury was instructed on malice; (2) the trial court improperly imposed a firearm enhancement as it was not pled or proven; and (3) appellate counsel was ineffective in failing to raise these claims. Finding no merit in these claims, we will affirm the judgment.

## BACKGROUND

Claiming he was being followed, defendant brought a gun into a store where his codefendant Hieu Van Hoang was eating. Minutes later, Hoang fatally shot two teenage brothers in the store's parking lot, with the gun supplied by defendant. (*People v. Saterfield* (Apr. 29, 2021, C089886) [nonpub. opn.].)[2]

In May 2019, a jury found defendant guilty of two counts of first degree murder (§ 187, subd. (a)) and found true a firearm enhancement (§ 12022.53, subd. (c)). The jury also found true the special circumstances that defendant committed multiple murders. (§ 190.2, subd. (a)(3).) The trial court sentenced defendant to consecutive sentences of life without parole, plus an additional 20-year term for the firearm enhancement. We affirmed the judgment on appeal. (*People v. Saterfield, supra*, C089886.)

In April 2024, defendant filed a petition for resentencing under section 1172.6. The petition alleged that he was charged under a theory that allowed malice to be imputed to him based solely on his participation in a crime and he could not currently be

---

[2]    We briefly summarize the relevant facts of this case from our prior unpublished opinion. (*People v. Saterfield, supra*, C089886.) Our recitation of the facts from this prior opinion is solely for the purpose of efficiently summarizing the background of this case. We do not rely on these facts in resolving the issues raised in this appeal. (§ 1172.6, subd. (d).)

convicted of murder because of changes made to sections 188 and 189 by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437), effective January 1, 2019.

The People responded, arguing defendant was ineligible for relief. The People noted defendant was convicted under the current law, after the changes to sections 188 and 189 were in effect; thus, he could not have been convicted under an invalid theory of murder liability. The People also argued defendant was not convicted under an imputed malice theory of liability; rather, based on the instructions given, the jury must have found him guilty of first degree murder with malice aforethought.

In reply, defense counsel did not respond to the People's arguments, but requested the trial court issue an order to show cause. Counsel also indicated they could not submit a "no-merit" letter.

The trial court found defendant was tried and convicted approximately five months after the effective changes to sections 188 and 189. Thus, the prosecution was precluded from proving malice based solely on defendant's participation in an underlying crime. In addition, the court noted the jury was not instructed on a now invalid theory of liability. Accordingly, the court found defendant was not eligible for relief as a matter of law and denied the petition.

Defendant timely appealed.

DISCUSSION

Under *Delgadillo*, we must "evaluate the specific arguments presented in [defendant's supplemental] brief," but we are not compelled to undertake an "independent review of the entire record to identify unraised issues." (*People v. Delgadillo, supra*, 14 Cal.5th at p. 232.) We proceed accordingly.

In his supplemental brief, defendant argues: (1) the trial court erred in denying an evidentiary hearing because the jury was instructed on malice; (2) the trial court improperly imposed a firearm enhancement that was not pled or proven; and (3) appellate counsel was ineffective in failing to raise these claims.

3

*Legal Background*

Senate Bill No. 1437, effective January 1, 2019, made ameliorative changes to California's homicide law. As part of these changes, the legislation amended sections 188 and 189 to significantly limit the scope of the felony-murder rule and eliminate second degree murder liability predicated on the natural and probable consequences doctrine, or other theory under which malice is imputed to a person based solely on that person's participation in a crime. (§ 1172.6, subd. (a)(1); *People v. Gentile* (2020) 10 Cal.5th 830, 842; *People v. Patton* (2025) 17 Cal.5th 549, 558.)

Senate Bill No. 1437 also allows those convicted under a now invalid theory of murder to petition the trial court to vacate the conviction and resentence the defendant. (§ 1172.6, subd. (a).) If the trial court finds that a petitioning defendant has made a prima facie showing of entitlement to relief, the court must issue an order to show cause and hold an evidentiary hearing. (§ 1172.6, subds. (c) & (d).)

"[T]he prima facie inquiry under [section 1172.6,] subdivision (c) is limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) " ' "[T]he court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her [or their] factual allegations were proved." ' " (*Ibid.*) The court may rely on the record of conviction in determining whether defendant has made a prima facie showing, and " 'if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Ibid.*; see *People v. Harden* (2022) 81 Cal.App.5th 45, 52 [it is appropriate for a court to deny a defendant's resentencing petition at the prima facie stage if the record shows the defendant is ineligible for relief as a matter of law].)

*Instruction on Malice*

Defendant contends the jury was instructed with CALCRIM No. 520, which expressly requires a finding of malice aforethought, and claims this instruction

4

contradicts appellate counsel's assertion that "malice was not at issue." He asserts he is entitled to an evidentiary hearing, because section 1172.6 applies to any conviction "based on imputed malice without an individualized finding of malice."

CALCRIM No. 520 defines malice aforethought. Malice is express if the defendant unlawfully intended to kill. Malice is implied if: defendant intended to commit an act the natural and probable consequence of which was dangerous to human life; at the time he acted he knew the act was dangerous to human life; and he deliberately acted with conscious disregard for human life. (CALCRIM No. 520.)

CALCRIM No. 520 requires a finding of malice and defines both express and implied malice, but it does not allow malice to be imputed to defendant solely based on his participation in a crime. (See *People v. Carr* (2023) 90 Cal.App.5th 136, 145 [CALJIC No. 8.11, same language defining implied malice did not allow malice to be imputed solely based on consequences of act].) The jury was not instructed on either felony murder or the natural and probable consequences doctrine, now invalid theories of murder. Therefore, defendant was convicted on a theory of actual malice, not imputed malice. Section 1172.6 does not provide relief for a conviction based on actual malice.

*Firearm Enhancement*

Defendant argues the trial court improperly imposed a firearm enhancement under section 12022.53 as it was not pled or proven. He also argues if the enhancement was imposed under section 12022.53, subdivision (e), neither it nor the necessary gang affiliation were pled or proven.

Initially, we note that the argument regarding this firearm enhancement is beyond the scope of the resentencing proceedings. An appeal from a denial of a section 1172.6 petition is "not a direct appeal," and "[t]he statute does not permit a petitioner to establish eligibility [for resentencing] on the basis of alleged trial error." (*People v. DeHuff* (2021) 63 Cal.App.5th 428, 438.) In addition, these claims could have been, but were not, raised in defendant's direct appeal. "[W]here a criminal defendant could have raised an issue in

5

a prior appeal, the appellate court need not entertain the issue in a subsequent appeal absent a showing of justification for the delay." (*People v. Senior* (1995) 33 Cal.App.4th 531, 538.) Defendant has not shown any reason for the delay, nor has he demonstrated the relevance this claimed error has to his request for resentencing under section 1172.6.

Moreover, as to defendant, the information alleged firearm enhancements under section 12022.53, subdivisions (c) and (d). The jury was instructed on both enhancement allegations. The jury found true that defendant personally and intentionally discharged a firearm within the meaning of section 12022.53, subdivision (c). The trial court imposed sentence on the section 12022.53, subdivision (c) enhancement. There was no allegation, true finding, or sentence imposed under section 12022.53, subdivision (e).

*Ineffective Assistance of Appellate Counsel*

Defendant contends appellate counsel's failure to raise these issues on appeal deprived him of a meaningful appeal, which constituted ineffective assistance of counsel. (*Strickland v. Washington* (1984) 466 U.S. 668.)

We reject defendant's claim that he received ineffective assistance from appellate counsel. There is no constitutional right to the effective assistance of counsel in state postconviction proceedings. (*People v. Delgadillo, supra*, 14 Cal.5th at p. 226.) Even if there were, defendant has failed to demonstrate the deficient performance or related prejudice required to sustain such a claim. (*Strickland v. Washington, supra,* 466 U.S. at p. 687; see *In re Crew* (2011) 52 Cal.4th 126, 150.) As discussed, *ante*, the arguments he claims counsel should have raised are without merit, therefore counsel could not have rendered deficient performance by failing to raise meritless issues on appeal. (See *People v. Lucero* (2000) 23 Cal.4th 692, 732.)

DISPOSITION

The order denying defendant's section 1172.6 petition for resentencing is affirmed.


/s/_____
WISEMAN, J.*


We concur:


/s/_____
ROBIE, Acting P. J.


/s/_____
RENNER, J.

_____

*       Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7